UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAVAGE LOGISTICS, LLC, | CASE NO. CV-15-5015-EFS |
| Plaintiff, | |
| v. | **ORDER RULING ON PENDING MOTIONS AND SUGGESTING MEDIATION** |
| SAVAGE SERVICES CORP., a/k/a SAVAGE COMPANIES, | |
| Defendant. | |

A hearing occurred on September 23, 2015. Bruce Babbitt appeared on Plaintiff Savage Logistics, LLC's (SLL) behalf. Defendant Savage Services Corp. (SSC) was represented by Steven Klein. Before the Court were three motions: Defendant's Motion to Dismiss First Amended Complaint or, in the Alternative, to Transfer, ECF No. 11; Defendant's Motion to Request Judicial Notice and Notice of Incorporation by Reference, ECF No. 15; and Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 23. Following the hearing, the Court also considered Plaintiff's Request for Judicial Notice of Materials Identified in the Declaration of Barbara Stone, ECF No. 40; and Defendant's Motion for Leave to File Supplemental Brief, ECF No. 46, and Defendant's related Motion for Expedited Hearing, ECF No. 47. For the reasons that follow, the Court largely grants the motions for judicial notice, grants Defendant's motion to dismiss the first

ORDER ~ 1

amended complaint, and grants Plaintiff leave to file a second amended complaint.

**A.    Judicial Notice**

Both parties ask the Court to take judicial notice of identified documents, and Defendant also asks the Court to consider documents that were incorporated into the complaint: 1) Defendant's Motion to Request Judicial Notice and Notice of Incorporation by Reference, ECF No. 15, and Plaintiff's Request for Judicial Notice of Materials Identified in the Declaration of Barbara Stone, ECF No. 40.

Judicial notice is governed by Federal Rule of Evidence 201, which provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice only applies to adjudicative facts — facts about the parties or the issues to which the law is applied, usually by the jury, in the trial of a case. Fed. R. Evid. 201(a), Adv. Comm. Note to 1972 amend.; *Marshall v. Bramer*, 828 F.2d 355, 357 (6th Cir. 1987) (defining adjudicatory fact). A court can take judicial notice of a matter of public record, including records and reports of administrative bodies, as long as the facts noticed are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 677 (9th Cir. 2001); *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008).

1    In addition to the judicial-notice doctrine, a court may

2   consider a document if neither party questions the authenticity of a

3   document, which is either attached to the complaint or the contents of

4   which are alleged in the complaint. *Knievel v. ESPN*, 393 F.3d 1068,

5   1076 (9th Cir. 2005).

6    After considering Defendant's motion, the Court takes judicial

7   notice of Exhibits 1-2 and 4, which are public-record trademark

8   registration numbers and applications, and Exhibits 5-13, which are

9   public administrative records from the U.S. Department of Commerce and

10  the Utah Department of Commerce. And the Court will consider, under

11  the incorporation-by-reference doctrine, Exhibit 3, a letter from

12  Stoel Rives LLP, as this letter was referenced in the complaint and in

13  the response to the complaint, and neither party has challenged its

14  authenticity.

15   As to Plaintiff's motion for judicial notice, the Court grants

16  in part and denies in part the motion. The Court grants the motion as

17  to Exhibits 1 and 2 because they are public records; therefore, the

18  Court will take judicial notice of the fact that these public records

19  were filed and exist but not for the truth of the facts recited

20  therein. *City of Roseville Emps. Ret. Sys. v. Sterling Fin. Corp.*, 963

21  F. Supp. 2d 1092, 1108 (E.D. Wash. 2013). The Court declines to take

22  judicial notice of Exhibit 3 because it is not a public record but

23  rather a press release regarding the to-be-added entity Savage

24  Companies, and the contents of which could be subject to dispute.

25  //

26  /

ORDER ~ 3

**B.    Defendant's Motion to Dismiss and Plaintiff's Motion to Amend**

Defendant seeks dismissal of Plaintiff's First Amended Complaint (FAC), ECF No. 6.  At the hearing, Plaintiff conceded that the FAC's factual allegations are insufficient to support a finding of personal jurisdiction against Defendant and therefore Plaintiff does not oppose dismissal of the FAC so long as the Court permits Plaintiff to file its proposed Second Amended Complaint (SAC), ECF No. 23.  Therefore, the Court grants Defendant's motion to dismiss the FAC, and the Court focuses its analysis on whether it should grant Plaintiff leave to file a SAC.

Through the SAC, Plaintiff seeks to 1) add Savage Companies, the claimed owner of the trademarks, as a defendant, 2) assert facts to support specific personal jurisdiction over the current Defendant Savage Services Corp. and the to-be-added Savage Companies, 3) assert a claim that Defendants are barred under the laches doctrine from claiming that Plaintiff is violating any trademark, and 4) add a claim for damages under false description, dilution, and cyber-piracy theories. Defendant opposes the motion, arguing that amendment is futile as the Court cannot possess personal jurisdiction over either proposed defendant.

After the hearing, Defendant sought leave to file a supplemental brief in support of its motion to dismiss. ECF No. 46. Defendant's motion is unopposed so long as the Court considers the response filed by Plaintiff, ECF No. 48-1. The Court grants Defendant's motion and considers the supplemental briefs filed by both parties.

ORDER – 4

"[A] party may amend its pleading [after a responsive pleading is served] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To ensure that leave is freely given when required, Rule 15 is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The following four factors aid the court's assessment of whether leave to file an amended complaint is appropriate: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, and 4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007); *see also Foman v. Davis*, 371 U.S. 178 (1962) (identifying these factors). Not all of the factors merit equal weight. *Eminence Capital*, 316 F.3d at 1052. For example, prejudice to the opposing party is given the most consideration, while delay alone is an insufficient reason to deny leave to amend. *Id.; Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984). In sum, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Here, Defendant's central argument is that leave to amend is futile because the Court will still not have grounds to exercise personal jurisdiction over Defendant Savage Services Corp., or Savage Company. The Fourteenth Amendment's Due Process Clause requires that a court lawfully exercise personal jurisdiction over a civil defendant.

ORDER – 5

*Shute v. Carnival Cruise Lines*, 897 F.2d 377, 379 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585. The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Id*. At the pre-discovery stage of litigation, the court accepts as true the jurisdiction-related facts in the complaint. *Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325, 1327 (9th Cir. 1985); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010); *see also* 4 Wright & Miller, Federal Practice & Procedure § 1067.6 (3d ed.).

The Court may ultimately agree with Defendant that the Court lacks personal jurisdiction over one or both of the Defendants named in the SAC.[1] Typically, the sending of a cease-and-desist letter as Plaintiff alleges Savage Services Corp. sent it is insufficient to establish personal jurisdiction over the sender of the letter. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely

---

[1]   In a diversity action in Washington, a federal court has personal jurisdiction over a non-Washington-resident defendant if permitted by Washington's long-arm statute, because Washington's long-arm statute comports with the federal due-process requirements. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013); *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) ("Washington's long-arm statute extends jurisdiction over a defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.").

ORDER – 6

by informing a party who happens to be located there of suspected infringement.")). Yet, Plaintiff appears to have facts to add to the complaint to support a finding that Savage Companies, which is an alter ego of Defendant Savage Services Corp., wrongfully interfered with Plaintiff's business in Washington when it sought to prevent Plaintiff from utilizing "Savage Logistics," including its www.savagelogistics.com website, and that Defendants intended for Plaintiff to suffer business injury in Washington. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), *holding modified by Yahoo! Inc.*, 433 F.3d at 1199; *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (upholding the use of the express-aiming test in the wake of *Walden* v. Fiore, 134 S. Ct. 1115 (2014), for specific personal jurisdiction).

Therefore, the Court permits Plaintiff to add what facts are known to it that support a finding of personal jurisdiction as to either of the to-be-named Defendants in the SAC. In addition, Plaintiff may revise the proposed SAC to clearly identify that Plaintiff is naming two Defendants: Savage Services Corp. and Savage Companies. Because this lawsuit is early in its inception, leave to amend will not unduly prejudice Defendant, and there is no evidence that Plaintiff's desire to file the SAC is motivated by bad faith, the Court grants Plaintiff leave to file a second amended complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss First Amended Complaint or, in the Alternative, to Transfer, **ECF No. 11**, is **GRANTED**.

2.   Defendant's Motion to Request Judicial Notice and Notice of of Incorporation by Reference, **ECF No. 15**, is **GRANTED.**

3.   Plaintiff's Motion for Leave to File Second Amended Complaint, **ECF No. 23**, is **GRANTED.** Plaintiff is to promptly file a second amended complaint, which can be revised to identify that there are two Defendants: Savage Services Corp. and Savage Companies, and is to allege additional jurisdiction-related facts.

4.   Plaintiff's Request for Judicial Notice of Materials Identified in the Declaration of Barbara Stone, **ECF No. 40**, is **GRANTED IN PART AND DENIED IN PART.**

5.   Defendant's Motion for Leave to File Supplemental Brief, **ECF No. 46**, and related Motion for Expedited Hearing, **ECF No. 47**, are **GRANTED.**

6.   The Court encourages the parties to consider whether mediation at this early stage of litigation, is appropriate. If the parties are amenable to mediation with a federal magistrate, the parties are to contact the Court's Courtroom Deputy, 509-943-8170.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   19th   day of October 2015.

                    s/Edward F. Shea
                   EDWARD F. SHEA
          Senior United States District Judge