UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAVAGE LOGISTICS, LLC, a Washington limited liability company,<br><br>          Plaintiff,<br><br>          v.<br><br>SAVAGE COMPANIES, a Utah Corporation, SAVAGE SERVICES CORP., a Utah Corporation,<br><br>          Defendants. | No. 4:15-cv-05015-SAB<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART** |

    Before the Court are Defendant's Motion to Dismiss Second Amended Complaint, or, in the Alternative, to Transfer, ECF No. 60; Defendant's Request for Judicial Notice and Notice by Incorporation, ECF No. 63; and Plaintiff's Request for Judicial Notice and Notice of Incorporation, ECF No. 67. A hearing on the motions was held on June 1, 2016, in Richland, Washington. Plaintiff was represented Bruce P. Babbitt; and Defendants were represented by Steven E. Klein.

    Previously, Judge Shea granted Defendant Savage Services Corporation's Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 49. Judge Shea noted that Plaintiff had conceded that the FAC's factual allegations were insufficient to support a finding of personal jurisdiction against Defendant.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
**~ 1**

Plaintiff did not oppose the dismissal of the FAC so long as it was permitted to file its proposed Second Amended Complaint. *Id.* Judge Shea granted Plaintiff leave to file a Second Amended Complaint. *Id.*

In the SAC, Plaintiff added Savage Companies as a Defendant and asserted facts that it believed supported personal jurisdiction over both companies—Savage Services Corporation and Savage Companies. It is seeking declaratory judgment of non-infringement of trademark. Plaintiff is also asking the Court to instruct the Commissioner of Patents and Trademarks to refuse Defendants' Trademark Application, in which they seek to register the mark "SAVAGE LOGISTICS," and is asserting a claim for False Description, Dilution, and Cyberpiracy under 15 U.S.C. § 1125. Finally, Plaintiff is bringing state law claims under Wash. Rev. Code § 19.77.010 (trademark registration – threatening to imitate registered trademark) and Wash. Rev. Code § 19.86.010 (unfair trade practices – taking actions to wrongfully appropriate Plaintiff's trademark).

Defendants now move to dismiss the SAC, or in the alternative, transfer the case to the District of Utah, for lack of personal jurisdiction over them and move to dismiss Plaintiff's claim under 15 U.S.C. § 1125 and the state law claims for failure to state a claim. In addition, both parties ask the Court to take judicial notice and notice by incorporation of certain documents submitted in support and in response to the Motion to Dismiss.

## MOTIONS STANDARD

### 1.    Request for Judicial Notice and Notice by Incorporation

Fed. R. Evid. 201 permits a court to judicially notice a fact that is not subject to reasonable dispute where it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

A district court may, but is not required to, incorporate documents by reference. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
~ 2

2012). Under the "incorporation by reference" doctrine, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment. *Id.* at 1160. Specifically, courts may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings." *Id.* (citations omitted). A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (citation omitted).

### 2. Motion to Dismiss for Lack of Personal Jurisdiction

Fed. Rule Civ. P. 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 799 (9th Cir. 2004). In ruling on a 12(b)(2) motion, the court may, in its discretion, order discovery, hold an evidentiary hearing, or rely only on the written submissions. *Doe v. Unocal Corp.*, 248 F.3d. 915, 922 (9th Cir. 2001). If the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* A prima facie showing means the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Although the plaintiff cannot "simply rest on the bare allegations of its complaint and must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction, uncontroverted allegations in the complaint must be taken as true." *Amba Marketing Sys. Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

Assertions of jurisdiction over out-of-state corporations must comply with

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
~ 3

due process and "traditional notes of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 753 (2014). Washington's long-arm statute authorizes personal jurisdiction over out-of-state defendants to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wash.App. 462, 465 (1999). Thus, the question is whether this court's exercise of jurisdiction over Defendants "comports with the limits imposed by federal due process." *Daimler AG*, 134 S.Ct. at 753.

Case law has differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### a.  **General  or All-Purpose Jurisdiction**

A court may assert general jurisdiction over an out-of-state corporation when the corporations' "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* General jurisdiction is present in "instances in which the continuous corporate operations with a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealing entirely distinct from those activities." *International Shoe Co.*, 326 U.S. at 317.

This is an exacting standard, because, as the Ninth Circuit explains, "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (citation omitted). Domile, place of incorporation and principal place of business are paradigm bases for the exercise of general jurisdiction. *Goodyear*, 564 U.S. at 924. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Ranza v.*

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART ~ 4**

*Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (quoting *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)).

### b. **Specific or Case-Linked Jurisdiction**

A court may assert specific or case-linked jurisdiction over an out-of-state corporation if the plaintiff can show that (1) the non-resident defendant purposefully directed its activities or consummated some transaction with the forum or resident thereof; or performed some act by which it purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.* it must be reasonable.[1] *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). [S]pecific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that established jurisdiction." *Goodyear*, 564 U.S. at 919. Stated another way, specific jurisdiction is present when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros v. Hall*, 466 U.S. 408, 414, n.8 (1984). It is "specific" to the case before the Court. *Ranza*, 793 F.3d at 1068.

"[M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, ___ U.S. ___, 134 S.Ct. 1115, 1125 (2014).

_____

[1] If the plaintiff satisfies the first two prongs, then the defendant must come forward with a "a compelling case" that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART ~ 5**

"When a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for each claim asserted against a defendant." *Picot*, 780 F.3d at 1212. "If personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same "common nucleus of operative facts" as the claim for which jurisdiction exists." *Id.*

## BACKGROUND FACTS

The following facts are taken from Plaintiff's complaint, as well as from judicial noticeable documents and documents incorporated by reference:

Plaintiff Savage Logistics is a Washington limited liability company with its headquarters in Richland, Washington. Plaintiff specializes in transporting and trucking hazardous and radioactive materials, and remedial services. The company's trucking fleet operates throughout the continental United States and Canada. On March 15, 2007, Plaintiff registered the domain name savagelogistics.com.

Defendant Savage Services, Corp. ("SS") is a Utah corporation with its headquarters in Midvale, Utah. SS is a wholly owned subsidiary of Savage Companies ("SC"), also a Utah corporation with its headquarters in Midvale, Utah. Defendant SS specializes in environmental material transport trucking services, as well as general cargo categories, such as building materials and oilfield equipment.

On October 28, 2014, counsel for Defendant SC sent Plaintiff a letter that identified certain trademark registrations; asserted that Plaintiff's use of the marks "SAVAGE" and "SAVAGE LOGISTICS" constitutes trademark infringement and a violation of Section 43(a) of the Lanham Act; and demanded that Plaintiff immediately cease all use of the mark and anything else that is confusingly similar. SC demanded that Plaintiff remove its logo from its entire fleet of trucks, as well as its business signs, letter head, website, and social medial sites and cease the use

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
~ 6

of the domain name savagelogistics.com. It indicated that unless Plaintiff complied with its demands, it would pursue all available legal remedies.

In a letter dated November 6, 2014, Plaintiff contested Defendant's allegations of infringement because, among other things, (1) Savage Logistics does not and has not used the word "SAVAGE" alone as a brand or source identifier on its trucks, marketing materials, or elsewhere; (2) Savage Logistics' use of "SAVAGE LOGISTICS" or "SAVAGE LOGISTICS LLC" is not likely to cause confusion; and (3) there has been at least seven years of concurrent use of "SAVAGE LOGISTICS" and "SAVAGE LOGISTICS, LLC" where SC and SS did not seek to enforce its rights.

Shortly before sending the letter, Defendant SC attempted to register the name Savage Logistics with the Patent and Trademark Office and Defendant SS registered the domain name savagelogistics.net.

## ANALYSIS

Plaintiff is asserting claims against two separate entities: Savage Company (SC) and Savage Services Corporation (SS). Plaintiff maintains that because both SC and SS are present and doing business in the State of Washington, it is fair that they respond to a suit brought in this state.

Plaintiff's theory is that Defendants created intentional acts directed at Washington citizens and "expressly aimed" its demands at Plaintiff, known to be a resident of Washington State. ECF No. 50, ¶ 37, 40. Defendants knew that the effect of its demands contained in the cease and desist letter would be to damage Plaintiff in its trade and business and to misappropriate the licenses, permits, certifications, approvals and goodwill that Plaintiff had established. ¶ 40. Defendants' demands would cause Plaintiff to have to physically re-label and re-brand all its equipment (over 100 motor vehicles and trailers), apparel, advertising, marketing, business cards, pamphlets and handouts, trade show displays, and building signs at great cost.  ¶ 42. Defendant's demands impact various permits,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
~ 7

authorization, and certifications acquired from numerous State and Federal agencies and organizations. ¶ 41. In addition, Defendants' demands would force Plaintiff to obtain new email addresses and business listings. ¶ 42. Plaintiff alleges that the act of registering savaglogistics.net was part of a pattern and practice and conduct by SC and SS of attempting to prevent Savage Logistics from using its established trademark, of attempting to disrupt the business of Savage Logistics, and to attract for commercial gain internet users to its website and create confusion with Plaintiff's mark. ¶ 35.

In its SAC, Plaintiff asserts the following factual allegations in support of personal jurisdiction:

## A.    Savage Companies

1. SC has, as a sponsor of a joint venture with Tesoro Refining and Marking Company, pursued permitting and construction of a 360,000 barrel per day, $75 Million Dollar crude oil uploading facility in Vancouver, Washington. ¶ 21.

2. SC has filed with the Washington Secretary of State and has appointed CT Corp. Sys., located in Olympia, Washington, as its registered agent for service within the state. ¶ 21.

3. SC wrote and sent a "Cease and Desist Letter" that demanded that Plaintiff take immediate action in Washington State to account for income from 2007 through 2014, repaint its equipment and to surrender its domain name, as well as threaten to sue if these steps were not implemented. ¶ 30.

4. The Cease and Desist Letter was a sham demand because SC had not in the past brought actions against claimed infringers and SC had no good faith objection to others using the name Savage. ¶ 31.

5. On October 8, 2014, SC attempted to register Savage Logistics with the Patent and Trademark Office. ¶ 43.

6. SC began using the domain name savagelogistics.net and have advertised on the web as Savage Logistics, which has confused and

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART ~ 8**

diluted Plaintiff's web presence. ¶ 44.

B.   **Savage Services Corporation**

1.  SS regularly and systematically does business with residents of the state of Washington and has appointed CT Corp. Sys., located in Olympia, Washington, as its registered agent for service within the state. ¶ 22.

2.  SS knew the cease and desist letter was a sham demand. ¶ 31.

3.  Representatives of SS, acting for and authorized by SC, on several occasions called to confer with Plaintiff's representatives whom they knew to be located in Washington. ¶ 32.

4.  SS registered the domain name savagelogistics.net as a domain name. SS falsely certified that savagelogistics.net would not infringe upon what it knew were Plaintiff's rights. ¶ 34.

In determining whether it has personal jurisdiction over Defendants, the Court does not consider the merits of Plaintiff's claims. Rather, it focuses solely on whether the Court's exercise of personal jurisdiction over Defendants in this case comports with due process. After carefully reviewing the pleadings and attachments, as well as recent Supreme Court jurisprudence on this issue, the Court concludes it does not have personal jurisdiction over Defendants.

As an initial matter, it is clear that general jurisdiction does not exist over either Defendant. *See Ranza*, 793 F.3d at 1070. While it appears that Defendants send employees and provides services into Washington and engages in commercial transactions here, such business activity is not so pervasive as to render it "essentially at home" in Washington. Notably, Washington is neither Defendants' place of incorporation nor their principal place of business.

Plaintiff asserts the Court has specific jurisdiction over both Defendants. In conducting this analysis, the Court must look at the alleged conduct underlying the claims to determine whether this conduct was directed at Washington. *See Walden*,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART** ~ 9

134 S.Ct. at 1121. ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.' For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.")(citations omitted).

In its briefing, Plaintiff attempts to establish personal jurisdiction by relying on the potential harm that it faces as a result of Defendant SC and SS's actions to establish personal jurisdiction. This is not the correct analysis. *See id*. at 1122. Rather, the focus must be on the contacts that the "defendant *himself*" creates with the forum State. *Id.* (emphasis in original). And it does not include the defendant's contacts with persons who reside there. *Id.* Thus, even though Plaintiff's contacts with Washington state are significant, those contacts do not factor in when determining whether the defendant's due process rights are violated. *Id.* Plaintiff cannot be the only link between the defendant and the forum. *Id.*  Consequently, Plaintiff's reliance on the harms that it will experience in Washington state are misplaced. *See id.* (noting that mere injury to a forum resident is not a sufficient connection to the forum).

Here, Plaintiff alleges only two actions taken by Defendants that were directed at Washington State:[2] (1) SC's activities in relation to the joint venture on the west side of the state[3]; and (2) the sending of the cease and desist letter and subsequent phone calls to Plaintiff, who is located in Washington state. None of these actions are sufficient to establish personal jurisdiction. As *Walden* explained,

---

[2] While Defendants' actions in registering the trademark Savage Logistics, and registering the domain name savagelogistic.net may expose them to potential liability, this conduct did not take place in Washington state.

[3] In its briefing, Defendants clarified that it is Savage Services Corporation that conducts business in Washington State.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART ~ 10**

a defendant's actions, taken in the non-forum state, do not create sufficient contacts with the forum simply because it allegedly directed its conduct at the plaintiff who it knew had connections in the forum state. *Id.* at 1125. While conducting commercial activities in Washington state is conduct that is directed at Washington state, this conduct is not related or linked to Plaintiff's claims. The remaining alleged actions do not have anything to do with state of Washington itself. *Id.*

Generally, "[a] cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter."[4] *Yahoo! v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1208 (9th Cir. 2006) (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Courts have recognized an exception where the letter was abusive, tortious or otherwise wrongful. *Id.* Although Plaintiff maintains the letter sent by Defendants meets this exception, the Court is not convinced.  In the letter sent to Plaintiff, Defendant SC indicated it was willing to discuss an amicable resolution, but also indicated that if certain steps were not taken, it may pursue all available legal remedies. ECF No. 12, Ex. 3. While Plaintiff disagrees with Defendants regarding the contents of the letter, there is nothing in the letter that rises to the level of being abusive, tortious, or otherwise wrongful, as contemplated by the Ninth Circuit. Notably, in *Bancroft & Masters v. Augusta Nat'l, Inc.,* 223 F.3d 1082 (9th Cir. 2000), one of the letters at issue in that case

---

[4] As the *Red Wing Shoe* court noted:

> There are strong policy reasons to encourage cease and desist letters. They are normally used to warn of an alleged rights infringer that its conduct, if continued, will be challenged in a legal proceeding, and to facilitate resolution of a dispute without resort to litigation. If the price of sending a cease and desist letter is that the sender thereby subjects itself to jurisdiction in the forum of the alleged rights infringer, the rights holder will be strongly encouraged to file suit in its home forum without attempting first to resolve the dispute informally by means of a letter." *Id.*

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
~ 11

was sent to a company who was the sole registrar of domain names. *Id.* at 1088. The Circuit concluded that the letters were intended to trigger the dispute resolution procedures, which caused the plaintiff to choose between bringing suit or losing the use of its website. *Id.* at 1088.

Plaintiff also asserts that Defendants have advertised on the web as Savage Logistics, which has confused and diluted Plaintiff's web presence. This is not enough to establish personal jurisdiction over Defendants. *See Cybersell, Inc. vl Cybersell, Inc.*, 130 F.3d 414, 415 (9th Cir. 1997) (holding that it would not comport with "traditional notions of fair play and substantial justice" for Arizona to exercise personal jurisdiction over an allegedly infringing Florida web site advertiser who has no contacts with Arizona other than maintaining a home page that is accessible to Arizonans, and everyone else, over the Internet"). A passive website that does little more than make information available to those who are interested in it is not enough to establish personal jurisdiction over the website owner.

Plaintiff cannot meet the requirements for establishing personal jurisdiction over Defendants. Defendants' actions, *i.e.* sending the letter, filing the trademark application, registering the website, and advertising on the web, did not connect them with Washington in a way sufficient to support the assertion of personal jurisdiction.

Because the Court has concluded that Plaintiff has not established personal jurisdiction over either Defendant, it is not necessary to address its argument that Savage Services Company is the agent or alter ego of Savage Company, or vice versa. That said, the SAC does not plead sufficient facts to satisfy the alter ego test. *See Ranza*, 793 F.3d at 1070-75.[5]

_____

[5] The *Ranza* court explained that the existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART ~ 12**

REQUEST FOR JUDICIAL NOTICE AND NOTICE BY INCORPORATION

Judge Shea, in his prior order, took judicial notice of the public-record trademark registration numbers and applications and the public administrative records from the U.S. Department of Commerce and the Utah Department of Commerce. He also considered, under the incorporation-by-reference doctrine, a letter from Stole Rives LLP, as this letter was referenced in the complaint and in the response to the complaint, and neither party challenged its authenticity. Judge Shea declined to take judicial notice of a press release regarding Savage Companies because it is not a public record and the contents could be subject to dispute. The Court adopts Judge Shea's reasoning.

Defendants ask the Court to incorporate by reference print-outs of pages from the website maintained by Plaintiff at www.savagelogistics.com. In *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005), the Ninth Circuit applied the rationale of the "incorporation by reference" doctrine to internet pages. The Court grants Defendants' request.

Plaintiff asks the Court to take judicial notice of Exhibit 2, which is a company snapshot for Savage Services maintained by the U.S. Department of Transportation and regulations of the Federal Motor Carrier Safety Administration indicating what must be displayed on self-propelled CMV's operated by both Plaintiff and Savage Services; Exhibits A through AC described as official forms

state to another for the purpose of establishing personal jurisdiction. 793 F.3d at 1070. Moreover, it recognized that the Supreme Court in *Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 759 (2014), invalidated the agency test previously used by the Ninth Circuit. *Id.* It also noted that to satisfy the alter ego test, a plaintiff must allege "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Id.* at 1073.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART
~ 13

and certifications; Exhibit W, which is a worker's compensation official report showing that Defendants maintain regular offices in Washington State and employ between 76 and 100 workers in Washington State; Exhibit Y and A, which identify the domain name savagelogistics.com and savageservices.com; and Exhibits S, T, U, and V, which include publically accessible websites.

The Court declines Plaintiff's request. Rather than seek judicial notice, Plaintiff is asking the Court to accept as true the content contained in the documents. In essence, Plaintiff is asking the Court to incorporate by reference the listed documents. Moreover, it appears that the majority of the documents submitted by Plaintiff go to the merits of its case, rather than to the issue of whether the court should exercise personal jurisdiction over Defendants, as such, the Court did not consider the exhibits, except as set forth above in its recitation of the facts.

## Motion to Dismiss for Failure to State a Claim

Defendants ask the Court to dismiss Counts III, IV and V of the SAC for failure to state a cause of action. Because the Court does not have personal jurisdiction over Defendants, the Court declines to rule on Defendants' 12(b)(6) motion.

## Leave to Amend / Transfer to District of Utah

While Plaintiff has already been afforded leave to amend, the interests of justice will be served by permitting Plaintiff to proceed in one of two ways: (1) by filing an amended complaint that adequately sets forth facts that support personal jurisdiction over Defendants or (2) by agreeing to have this case transferred to the District of Utah.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Second Amended Complaint, or, in the Alternative, to Transfer, ECF No. 60, is **GRANTED**, in part.

2. Defendant's Request for Judicial Notice and Notice by Incorporation,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART ~ 14**

ECF No. 63, is **GRANTED**.

3. Plaintiff's Request for Judicial Notice and Notice by Incorporation, ECF No. 67, is **GRANTED**, in part, and **DENIED**, in part.

4. On or before **July 14, 2016**, Plaintiff shall file a Third Amended Complaint, or notify the Court that it agrees to the transfer of the above-captioned case to the District of Utah.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 14th day of June, 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART**
~ 15